UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL I. BROWN<br>302 Old Branchville Road<br>Ridgefield, CT 06877,<br><br>    Plaintiff,<br><br>v.<br><br>Chemonics International, Inc.,<br>1717 H. Street, N.W.<br>Washington, DC 20006<br><br>    Defendant. | )<br>)<br>)<br>)  Civil Action No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The Plaintiff, Michael I. Brown, by his counsel, files this Complaint pursuant to Federal Rules of Civil Procedure 8, and states the following cause of action against the Defendant, Chemonics International, Inc.

### I. The Parties

1. Plaintiff Michael I. Brown is an individual, who was formerly employed by Defendant, and Plaintiff currently resides at 302 Old Branchville Road, Ridgefield, Connecticut, 06877.

2. Defendant Chemonics International, Inc., is incorporated in Delaware and has its headquarters at 1717 H. Street, N.W., Washington, DC 20006. Defendants registered agent is CT Corporation System, 1015 15th Street, Suite 1000, Washington, D.C. 20005.

### II. Jurisdiction & Venue

3. This is an action based on a claim of illegal age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 et seq, and this this court has jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue is proper as Defendant's principal place of business in Washington, D.C.

5. Plaintiff has fulfilled all conditions precedent to the institution of this suit, and has satisfied all jurisdictional prerequisites to the maintenance of this action. Plaintiff filed his Charge with the Equal Employment Opportunity Commission ("EEOC") on May 21, 2020 and again on July 7, 2020. The EEOC on December 4, 2020 issued a Right to Sue letter to Plaintiff, attached hereto as Exhibit A.

### III. Statement of Facts

6. Plaintiff was employed by Defendant from approximately March, 2014 until March 20, 2020, and when hired was REPLACE IDIQ Manager and Home Office Director, and was subsequently designated as director, Environment & Natural Resources practice.

7. Plaintiff was informed on February 20, 2020 that his position was being terminated due to budget constraints. Based on information and belief, budget constraints did not require the termination of the Plaintiff's job, and were not in fact the reason for the termination of the Plaintiff's job. Indeed, at a February 7, 2020 meeting Defendant's Executive Vice President Anna Slother stated that practice staff would not be terminated due to budget constraints.

8. Plaintiff at the time of his job termination was 67 years old.

9. Plaintiff was the only home office director of a practice terminated at the time his employment was ended, and he was at the time, one of the very oldest home office director for the Defendant. There were approximately nine or ten (9-10) home office directors of practices who were not terminated, and they were in their 40's and 50's, with one practice co-managed by two staff in their 30's, substantially younger than the Plaintiff.

10. Plaintiff was essentially replaced by younger employees, with the core of his job responsibilities being assigned to Marvie Javed, the former associate in the Environment & Natural Resources practice, who is substantially younger than the Plaintiff, by at least 25 years. Ms. Javed is apparently being supported by a team of more senior directors, all of whom are substantially younger than Plaintiff, at least 10 years younger, with the possible exception of one.

11. Defendant has engaged in a pattern and practice of discriminating against older workers and either terminating their employment, or pushing them to resign their employment, or retire, so that they can be replaced by younger workers.

12. Defendant had and has a culture of ageism and discriminating against older workers, and that resulted in a pattern of selecting older workers for termination of employment, including the Plaintiff. While the Defendant had programs to promote diversity, age diversity was not one of them.

## FIRST CLAIM FOR RELIEF

(Age Discrimination in Violation of ADEA)

13. Plaintiff repeats and re-alleges the allegation contained in the proceeding paragraphs above as if fully set forth herein.

14. Defendant, through its agents, servants and employees, discriminated against Plaintiff in the terms and conditions of his employment based on his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, including terminating his employment with Defendant because of his age. The Defendant's actions were in knowing or reckless disregard for whether its conduct was prohibited by statute, and constituted willful violations of the Age Discrimination in Employment Act, 29 U.S.C. §

621.

15. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of Age Discrimination in Employment Act, 29 U.S.C. § 621, Plaintiff sustained permanent and irreparable harm, resulting in loss of his employment, which caused him to sustain loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay, interest, and compensatory and punitive damages.

WHEREFORE, Plaintiff demands judgement:

A. Reinstating Plaintiff's employment and enjoining Defendant from discriminating against Plaintiff on the basis of his age, and/or awarding front pay.

B. Award Plaintiff's back pay;

C. Awarding Plaintiffs compensatory damages, including but not limited to damages for emotional distress;

D. Awarding Plaintiffs punitive damages;

E. Award Plaintiff liquidated damages;

F. Awarding reasonable attorney's fees, costs, and expenses; and

G. Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

### JURY DEMAND

Plaintiff demand trial by jury of all issues as of right by a jury.

By /s/ Lawrence P. Postol
Lawrence P. Postol
DC Bar No. 239277

Postol Law Firm, P.C.
6842 Elm Street
McLean, VA 22101
(571)-378-6366
Lpostol@PostolLaw.com

Dated: December 15, 2020

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Michael I. Brown<br>302 Old Branchville Rd.<br>Ridgefield, CT 06877 | From: | Washington Field Office<br>131 M Street, N.E.<br>Suite 4NW02F<br>Washington, DC 20507 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2020-01624 | Richard H. Kim,<br>Enforcement Supervisor | (202) 419-0794 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Richard Kim* For   DEC 04 2020
**Mindy E. Weinstein,**   *(Date Mailed)*
**Director**

cc: Shana Madigan

975 F Street NW
Washington, DC 20004

EXHIBIT A

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Enclosures(s)

cc:   **Shana Madigan**

      **975 F Street NW**
      **Washington, DC 20004**