UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL I. BROWN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-03661 KBJ |
| | ) |
| CHEMONICS INTERNATIONAL, INC., | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY RESPONSES AND OPPOSITION TO MOTION FOR A PROTECTIVE ORDER

Plaintiff, Michael Brown, by and through his attorneys, Postol Law Firm, P.C., and pursuant to Rule 37 of the Federal Rules of Civil Procedure, Local Rule 26.2, and the Court's Standing Order Rule 4, respectfully submits this reply memorandum in support of his motion to compel discovery from the Defendant and in opposition to Defendant's motion for a protective order.

I. **REPLY TO FACTUAL BACKGROUND**

The Defendant suggest that the Plaintiff's allegation in his complaint of a pattern and practice of age discrimination can be ignore for discovery purposes since the Defendant disputes the allegation. That of course makes no sense, as discovery is allowed so a party can prove its allegations, particularly when the relevant information and documents are in the possession of the other party. The Defendant insisted that Plaintiff give examples of the pattern and practice, despite the fact that Plaintiff did not have any discovery responses on the issue. Plaintiff nevertheless gave 7 examples of the pattern and practice of age discrimination, and the Defendant has not refuted that evidence. The Defendant has not produced any evidence that the statistical

evidence and requested documents are not relevant. While it is understandably that the Defendant wants to try the case under the Defendant's theory of the facts, the Plaintiff of course is not so limited.

Moreover, the Defendant defense is that there was a "significant budget shortfall" for the entire company, and that is why the Plaintiff was laid off. Yet, the Plaintiff was apparently the only person who was laid off. Since the Defendant insists the budget shortfall was significant, the Plaintiff should be entitled to test that allegation by showing that in a company of 5,000 employees, he was the only one laid off, and that having just one lay off with a significant budget shortfall makes no sense. To do that, the Plaintiff needs to look at the entire company budget and actions. Likewise, while Ms. Slother denies saying in a meeting-conference call no one would be laid off, it is noteworthy that Defendant has refused the Plaintiff's requires for minutes and notes of that call.

Defendant wants to limit discovery to the American and Caribbean business unit because he was "housed" in that unit. There is no allegation that his work was confined to that unit, and in fact Plaintiff worked primarily for other business units in support of new business for outside the American and Caribbean business unit, and he worked for the company as a whole for thought leadership, and he worked to support project management units (PMUs) for projects awarded thru IDIQs that were simply housed in the unit arbitrarily, but that had companywide implications. Thus, to evaluate his layoff, discovery is needed of the other business units, and how Plaintiff's work helped those units. Only then can the claim of a companywide significant budget shortfall be evaluated as to whether it justified the Plaintiff's termination of employment. Indeed, the budget shortfall that is being blamed for the Plaintiff's layoff was companywide, and was not limited to the American and Caribbean business unit.

## II. MOTION FOR A PROTECTIVE ORDER

The Defendant's claim that the Plaintiff's only objected to the Maryland District Court form protective order because this case is in DC, and that Plaintiff offered " no substantive objection" is disingenuous. As early as April 16, 2021, Plaintiff's counsel edited the protective order the Defendant proposed, and added the following provision:

> If the Defendant has confidential or propriety information which it believes should be considered as Confidential Material, Defendant can ask the Plaintiff to agree to that designation. If Plaintiff does not agree, Defendant within 10 days can apply to the Court to include the document in the definition of Confidential Material, and if the Defendant does so, the documents will be treated as Confidential Material until the Court rules on the motion.

Postol to Baldwin 4/16/21 email. The parties have had discussions on this provision long before the Defendant produced the Maryland form protective order, and Defendant refused to agree to this provision.

Indeed, this has been and remains the heart of the parties' dispute. The Plaintiff wants to be able to mark whatever documents Defendant gives to the Plaintiff as confidential under the protective order, and thus limit its use, and then put the burden on the Plaintiff to file a motion to have the confidential label removed. Thus, the issue is who is going to have the burden to file a motion over whether a document is confidential and thus entitled to a protective order. The Defendant acknowledge the burden of proving entitled to a protective order is on them, but Defendant wants the burden of filing the motion to be on the Plaintiff.

The Defendant allegation of Plaintiff being a competitor of the Defendant is also disingenuous. The Plaintiff is working as a consultant through a corporation he has. He has no employees, it is just himself, and he is making a fraction of what he made working at Defendant. Moreover, Plaintiff in his discovery has not requested any of Defendant's work proposals, but rather has asked for the financial information which supports the Defendant's claim of a budget

shortfall, which would be profit and loss numbers, not work proposals. Indeed, it is telling that Defendant has not offered to show any of the documents at issue to the Court in camera.

## III. COMPANY WIDE DISCOVERY AND DEFINITION OF DEFENDANT

Defendant wants to limit discovery to the business unit that Plaintiff was "housed" in, despite the fact that his layoff is based on an alleged companywide budget shortfall, and that Plaintiff's work was not limited to the business unit he was housed in, and indeed, his work was not even primarily for that unit. Thus, if the decision to terminate the Plaintiff was based on his worth to the company, then it is patently clear that discovery is needed beyond the business unit he was housed in, since his work and benefit was outside that unit. Indeed, if the business until decision marker ignored the benefit of the Plaintiff's work for other business units, that would be strong evidence of pretext.

Moreover, the Plaintiff has alleged a companywide pattern and practice of age discrimination, and even given 7 examples of employees in other business units who have been the victim of age discrimination. Furthermore, the Defendant has made no effort to show that the discovery requested would be burdensome. There are no declarations or evidence of any burden to answer the discovery. Indeed, when discovery is now usually made based on computer searches, it is no more burdensome to do the search of the whole company, then for a single business unit. Indeed, since computer systems are companywide, it would take more effort to limit the search to the business unit. Finally, is there any doubt that if the companywide statistics on the age of the workforce, hirings, and terminations favored the Plaintiff, we can be sure Defendant would be producing the information.

## IV. OBJECTIONS FOR WHICH ALL INFORMATION WAS ALLEGEDLY PRODUCED

The Defendant claims for some discovery requests the Defendant produced all relevant information and documents despite Defendant's objections. Plaintiff would respond to Defendant's position as follows: First, if all information was produced, why make the objection? Second, the only way to be sure that all information and documents have been and in the future will be produced, is to overrule the objections. Finally, what is the harm of overruling the objection and compelling discovery, if all information and documents have been produced? Indeed, for the discovery requests the motion to compel was filed for, and Defendant in its opposition memorandum did not address, e.g. document requests 1 through 9, the motion to compel should be granted.

## PLAINTIFF DOCUMENT REQUESTS

REQUEST NO. 12: All documents which support, refute, rebut, reflect, refer or relate the decision to terminate the employment of Plaintiff from Chemonics, including the decision to select Plaintiff instead of others for termination of employment.

**REPLY BASIS FOR MOTION TO COMPEL:** Defendant's position is contradictory. Defendant alleges the request is "unintelligible" yet the Defendant claims to have fully answered the request. The request is clear and basic to the case, and should be compelled.

REQUEST NO. 15: All documents which identify the employees of Chemonics, their job titles and their ages or date of birth, as of:
(1)  March 20, 2014
(2)  March 20, 2018
(3)  March 20, 2019
(4)  March 20, 2020
(5)  January 1, 2021

**REPLY BASIS FOR MOTION TO COMPEL:** Defendant has not shown any burden to producing this information, it is basic to any age discrimination complaint, and since the information is either in Defendant's computers or documents showing employee's ages, the information needs to be produced.

REQUEST NO. 16: All documents persons in Defendant Human Resources Department and Plaintiff's Supervisors have dated or created from January 1, 2019 to the present which mention Plaintiff's name.

**REPLY BASIS FOR MOTION TO COMPEL:** The Defendant's earlier position in this motion, to limit discovery to the business unit Plaintiff was housed in, shows why all the emails with Claimant's supervisors and Human Resources are needed. Defendant alleges that only his evaluation by his business unit is important. Plaintiff alleges most of his work is done outside the business unit where he was housed. Thus, the emails which mention the Plaintiff are relevant to show where and what work he did, and to demonstrate his work and benefit was outside the business unit he was housed in.

REQUEST NO. 21: All documents and communications that refer to, relate to or memorialize Defendant's efforts since January 1, 2008 through March 20, 2020 to hire and/or retain workers who are referred to in such efforts as "old" or "older" or who are over 60 years old.

REQUEST NO. 24: All documents and communications that refer to, relate to or memorialize Defendant's efforts from January 1, 2008 through March 20, 2020 to hire and/or retain workers who are referred to in such efforts as "young" or "younger", or who are under 40 years old.

**REPLY BASIS FOR MOTION TO COMPEL:** Plaintiff has offered to limit the search to the words "old", "older", "young" or "younger" and the Plaintiff agreed to narrow the time frame to January 1, 2017 through March 20, 2020. The Plaintiff is willing to further limit the search for those in the Human Resources department, the Plaintiff's supervisors, and the person who made

the decision to terminate his employment. With these limitations, there is no declaration or evidence the search would be burdensome.

REQUEST NO. 27: Defendant's annual profit and loss statement and any annual reports containing them from January 1, 2018 through February 1, 2021.

**REPLY BASIS FOR MOTION TO COMPEL**: The Defendant alleges there was a companywide budget shortfall which lead to Plaintiff's termination of employement, and to evaluate that claim, the companywide financial records are needed.

REQUEST NO. 30: Provide any minutes or records from the February 7, 2020 meeting lead by Anna Slother with included Practice Directors, including any documents which memorialized in whole or in part what Ms. Slother stated at the meeting.

**REPLY BASIS FOR MOTION TO COMPEL**: This is a key meeting where Ms. Anna Slother stated there would be no layoffs, which she now denies. The Defendant must produce any emails or text in its possession, custody or control, which would include emails on the Defendant's email system, and text on phones the company owns or pays for. Moreover, for personal emails on employee's own personal devices, the attendees name and addresses for the meeting should be identified so their personal emails and text can be subpoenaed.

REQUEST NO. 31: Provide any minutes or records of meetings you had from January 1, 2018 through April 30, 2020 where the age of your employees, or your workforce, or age diversity or age inclusion was discussed.

**REPLY BASIS FOR MOTION TO COMPEL**: The Defendant has produced no declaration or evidence that it would be burdensome to search for minutes and records of meeting where the age of its workforce was discussed, and the information is clearly relevant to this age discrimination case.

# INTERROGATORIES

INTERROGATORY NO. 1: Please identify the ages (or if easier date of birth) for each of your employees in the United States on January 1, 2015, January 1, 2016, January 1, 2017, January 1, 2018, January 1, 2019, January 1, 2020, and January 1, 2021, and their job title.

**REPLY BASIS FOR MOTION TO COMPEL:** There is hardly anything more basic to an age

discrimination case than the age of the work force. No declaration or evidence was produced to

show it would be burdensome to produce this information .

INTERROGATORY NO. 2: During the following time periods, answering separately for each time period, please identify all employees you hired in the United States during the time period, and separately all employees whose employment ending during the time period, and identify the employee's age and job title on the date of hire or employment termination (or their date of birth if easier) and for those employees whose employment ended, state whether the employee voluntarily left their employment with you, or if you terminated their employment:

January 1, 2015 through December 31, 2015

January 1, 2016 through December 31, 2016

January 1, 2017 through December 31, 2017

January 1, 2018 through December 31, 2018

January 1, 2019 through December 31, 2019

January 1, 2020 through April 30, 2020

May 1, 2020 through December 31, 2020

**REPLY BASIS FOR MOTION TO COMPEL:** There is hardly anything more basic to an age

discrimination case than the age of employees who are hired and whose employment was

terminated. No declaration or evidence was produced to show it would be burdensome to

produce this information .

INTERROGATORY NO. 3: Please identify all communications by any employee of Defendant or other person Defendant is aware of, about or relating to Plaintiff's job's performance for Defendant, the selection of Plaintiff for employment termination, and the reasons why Plaintiff's employment was terminated, including but not limited to communications with Plaintiff.

**REPLY BASIS FOR MOTION TO COMPEL:** What could be more important or basic than the communications as to Plaintiff's job performance and his selection for and reasons for his termination of employment. With respect to job performance, the Plaintiff would be willing to limit the communications to the Plaintiff's supervisors and those in HR Department, as well as the person who made the decision to terminate his employment. For selection for termination, however, since it is the heart of the lawsuit, all communications should be produced. The Defendant cannot on the one hand allege that the Claimant's discovery should be limited to the business unit he was housed in, and at the same time refuse to give evidence of his job performance which will show his work aided other business units.

INTERROGATORY NO. 4: Without regard to the manner by which the information has been obtained, identify each and every person who you believe has knowledge of any facts relating to any allegation or claim made in the Complaint or the allegations and defenses in the Defendant's Answer, and provide a description of the knowledge believed to be possessed by each such person, all relevant facts that each such person is believed to possess, and all documents, if any, that each such person is believed to have examined, has in his or her possession, or of which such person has knowledge.

**REPLY BASIS FOR MOTION TO COMPEL:** The Defendant clams not to understand the interrogatory and that it is overbroad, but the Defendant asked essentially the same interrogatory of the Plaintiff, so their objection is inappropriate, and indeed, this is basic discovery – persons who have knowledge relevant to the claims and defenses.

INTERROGATORY NO. 5: Identify each and every person with whom you have had conversations, from whom you have taken or received written statements and/or with whom you have exchanged or received correspondence, e-mail, or voice mail, relating in any way to the allegations or claims set forth in the Complaint or the allegations and defenses asserted by Defendant in its Answer and in this case, and the dates on which all such conversations were held, statements were taken and/or correspondence, e-mail or voice mail were exchanged or received and the subject matter covered in each such conversation, statement, correspondence, e-mail or voice mail.

**REPLY BASIS FOR MOTION TO COMPEL:** The Defendant seems to say the Defendant gave a full and complete answer. To make sure that is the case, the objection should be overruled and the Defendant compelled to do what the Defendant claims it did, fully answer the interrogatory.

INTERROGATORY NO. 6: If you have asked any individual to testify as a witness in connection with this case, identify each such individual, as well as the subject matter of his/her expected testimony.

**REPLY BASIS FOR MOTION TO COMPEL:** To make sure the Defendant answers when it ask witnesses to testify, the objection needs to be overruled. The Defendant asked the same question of Plaintiff, so its objection is puzzling.

INTERROGATORY NO. 7: If you contend that the Plaintiff or agent of Plaintiff or any one acting on Plaintiff's behalf made any admission or declaration against interest concerning the allegations in the Complaint, the claims in this lawsuit or that is in any way related to this lawsuit, identify the statement made, to whom it was made, when and where it was made, and the name and address of each person who heard the statement.

**BASIS FOR MOTION TO COMPEL:** Again, the Defendant asked essentially the same interrogatory of the Plaintiff, so the objection is inappropriate, and indeed, this is basic discovery - whether a party is claiming the other party made any admissions against interest. The Defendant seems to say the Defendant gave a full and complete answer. To make sure that is the case, the objection should be overruled and the Defendant compelled to do what the Defendant claims it did, give a full answer.

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Compel Discovery Responses.

Dated: July 30, 2021

Respectfully submitted,

By: /s/ Lawrence P. Postol

Lawrence P. Postol
POSTOL LAW FIRM, P.C.
6842 Elm Street, Suite 300
McLean, Virginia 22101
Telephone: (571) 378-6366
Facsimile: (571) 378-6375
Lpostol@Postollaw.com
DC Bar ID: 239277
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Plaintiff's Motion to Compel Discovery Responses was served via electronic mail on this 30th day of June, 2021 to:

Raymond Baldwin,
rbaldwin@seyfarth.com
Christine Costantino
ccostantino@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, N.W.,
Washington, DC 20004

*/s/ Lawrence P. Postol*
Lawrence P. Postol